UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO ANDRES PEREZ, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF KERN, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-00358-KES-CDB<br><br>ORDER DIRECTING PLAINTIFFS TO FILE A MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM FOR ALEJANDRO ANDRES PEREZ<br><br>(Doc. 1)<br><br>**14-DAY DEADLINE** |

Plaintiff Ashley Sinden ("Plaintiff"), as the natural parent and purported successor in interest of decedent minor Alejandro Andres Perez ("A.P."), initiated this action with the filing of a complaint on March 25, 2025. (Doc. 1). Plaintiff brings this complaint for damages pursuant to 42 U.S.C. § 1983 to seek redress for Defendants' actions and/or failures resulting in the wrongful death of A.P. while in the care, custody, and control and under the supervision of the named Defendants. (*Id.* ¶ 3-4).

**Order Directing Plaintiff to File a Motion for Appointment of Guardian Ad Litem**

The complaint alleges that A.P. is the deceased minor child of Plaintiff. (*Id.* ¶¶ 1, 4, 6). The complaint further alleges that Plaintiff, as the natural mother of A.P. whose parental rights were never terminated, has standing as A.P.'s rightful heir under C.C.P. § 377.60(a) and Probate Code § 6402(b) and § 6450(a) to bring this action. (*Id.* ¶ 6). There is no known guardian or conservator on behalf of A.P. to initiate a claim or lawsuit. (*Id.* at ¶ 7).

Pursuant to Local Rule 202,

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

E.D. Cal. Local Rule 202(a) (citing Fed. R. Civ. P. 17(c)). Because the claims of decedent minor A.P. may only be brought "by a next friend or guardian ad litem," a guardian must be appointed by the Court to protect the minor's interests. *See* Fed. R. Civ. P. 17(c)(2). Although Plaintiff refers to herself in the complaint as guardian ad litem, as of the date of entry of this order, Plaintiff has presented neither "appropriate evidence of the appointment of a representative for the minor or incompetent person under state law" or a motion in this Court for the appointment of a guardian ad litem.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED, Plaintiff shall file **within 14 days** from the date of service of this order a motion for the appointment of a guardian ad litem for decedent minor Plaintiff A.P. consistent with Federal Rule of Civil Procedure 17 and Local Rule 202.

IT IS SO ORDERED.

Dated: **March 27, 2025**

UNITED STATES MAGISTRATE JUDGE

2