UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO ANDRES PEREZ, *et al.*,<br><br>          Plaintiffs,<br><br>    v.<br><br>COUNTY OF KERN, *et al.*,<br><br>          Defendants. | Case No. 1:25-cv-00358-KES-CDB<br><br>ORDER ON PLAINTIFFS'S EX PARTE APPLICATION FOR APPOINTMENT OF GUARDIAN AD LITEM<br><br>(Docs. 8, 9) |

**<u>Background</u>**

Plaintiff Ashley Sinden ("Plaintiff"), as the natural parent and purported successor in interest of decedent minor Alejandro Andres Perez ("A.P."), initiated this action with the filing of a complaint on March 25, 2025. (Doc. 1). In the complaint, Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 to recover damages for Defendants' actions and/or failures resulting in the wrongful death of A.P. while in and under Defendants' care, custody, control, and supervision. (*Id.* ¶ 3-4).

The complaint alleges that A.P. is the deceased minor child of Sinden and that Plaintiff, as the natural mother of A.P. whose parental rights were never terminated, has standing as A.P.'s rightful heir under C.C.P. § 377.60(a) and Probate Code § 6402(b) and § 6450(a) to bring this action. (*Id.* ¶¶ 1, 4, 6). There is no known guardian or conservator on behalf of A.P. to initiate a claim or lawsuit. (*Id.* ¶ 7). The complaint alleges that Sinden brings claims "by and through her respective guardian ad litem" in both her individual capacity and as A.P.'s successor in interest. (*Id.* ¶ 1).

1

Pending before the Court is an *ex parte* application for appointment of guardian ad litem brough by Sinden's counsel, Robert Ross Powell. (Doc. 8). The application is supported by counsel's declaration and the declarations of Sinden's stepfather (Edwin Walton III), and the proposed guardian ad litem (attorney Donnie R. Cox). (Docs. 8-1, 8-2, 8-3). In short, counsel asserts that Sinden lacks the capacity to sue and to understand the nature and consequences of the proceedings given her "mental disability and severe and ongoing drug-abuse issues." (Doc. 8 at 3). Relevant here, counsel asserts that Sinden "has been unable to sign any means of consenting to a guardian ad litem because she is currently [as of the date of filing] on a 5150 hold at the Kern Medical Center in Bakersfield, California." (Doc. 8 at 3). In a supplement filed April 14, 2025, counsel attests that, based on documents in his possession, it is counsel's belief that Ashley Sinden is not in a position to adequately care for herself or make informed decisions regarding her own welfare. This situation underscores the urgent need for a Guardian Ad Litem to be appointed on her behalf." (Doc. 9).

**Governing Law**

**1. *Ex Parte* Relief**

"The expression '*ex parte* motion' is a term of art. In its pure form it means a request a party makes to the court without any notice to the other side." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). "*Ex parte* relief is generally disfavored when relief may be had through a regularly noticed motion." *Hufnagle v. Rino Int'l Corp.*, No. CV 10-08695 DDP (VBKx), 2012 WL 6553743, at *1 (C.D. Cal. Dec. 14, 2012). Local Rule 144(e) provides in relevant part: "Ex parte applications to shorten time will not be granted except upon affidavit of counsel showing a satisfactory explanation for the need for the issuance of such an order and for the failure of counsel to obtain a stipulation for the issuance of such an order from other counsel or parties in the action." Thus, courts will consider an *ex parte* motion where "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power Eng'g Co.*, 883 F. Supp. at 492.

**2. Competency**

The standard for determining competency is supplied by the law of the plaintiff's domicile. *See* Fed. R. Civ. P. 17(b)(1). Under California law, a party is incompetent "if he or she lacks the capacity

2

to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." *Golden Gate Way, LLC v. Stewart*, No. C 09–04458 DMR, 2012 WL 4482053, *2 (N.D. Cal. Sept. 28, 2012) (citing *In re Jessica G.*, 93 Cal. App. 4th 1180, 1186 (2001)); *see* Cal. Civ. Proc. Code § 372 ("When … a person who lacks legal capacity to make decisions … is a party, that person shall appear either by a guardian or conservator of the estate or by a guardian ad litem[.]"). Typically, "a guardian will not be appointed for an adult unless the person gives consent or upon notice and a hearing." *Jurgens v. Dubendorf*, No. 2:14-CV-2780-KJM-DAD, 2015 WL 6163464, at *3 (E.D. Cal. Oct. 19, 2015); *accord Golden Gate Way*, 2012 WL 4482053, *3 (relying on medical records and the Court's observations of the party at a hearing to conclude he did not have the capacity to participate in the litigation in any meaningful fashion).

Under Rule 17(c), a district court must hold a competency hearing "when substantial evidence of incompetence is presented." *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005); *see Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003) (explaining that "due process considerations attend an incompetency finding and the subsequent appointment of a guardian ad litem"); *Thomas v. Humfield*, 916 F.2d 1032, 1034 (5th Cir. 1990) (observing that the appointment of a guardian ad litem implicates due process concerns because it deprives a litigant of the right to control litigation and subjects them to possible stigmatization). The Ninth Circuit has not clearly stated what constitutes "substantial evidence" of incompetence warranting such a hearing. *See Hoang Minh Tran v. Gore*, No. 10-cv-464–GPC (DHB), 2013 WL 1625418, at *3 (S.D. Cal. April 15, 2013). However, the Ninth Circuit has indicated that sworn declarations from the allegedly incompetent litigant, sworn declarations or letters from treating psychiatrists or psychologists, and medical records may be considered in this regard. *See Allen*, 408 F.3d at 1152–54; *see also Hoang Minh Tran*, 2013 WL 1625418, at *3. Such evidence must speak to the court's concern as to whether the person in question is able to meaningfully take part in the proceedings. *See AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1042 (E.D. Cal. 2015). Under California law, the standard of relevance for purposes of weighing incompetency is viewed broadly and a trial judge must "clearly bring out the facts." *In re Conservatorship of Pamela J.*, 133 Cal. App. 4th 807, 827 (2005).

"A[n] incompetent person who does not have a duly appointed representative may sue by a next friend or by guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). Within its obligation of assessing competency, a district court has broad discretion to determine the suitability of appointing a guardian ad litem. *See United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986).

"[N]otwithstanding the incompetency of a party, the guardian may make binding contracts for the retention of counsel and expert witnesses and may settle the claim on behalf of his ward." *30.64 Acres of Land*, 795 F.2d at 805. However, a guardian ad litem who is not an attorney must be represented by counsel in order to litigate a case on another's behalf. *See Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *Stoner v. Santa Clara Cnty. Office of Educ.*, 502 F.3d 1116, 1127 (9th Cir. 2007) (explaining the right to proceed pro se is personal to the litigant).

**Discussion**

First, the Court finds that Sinden has failed to demonstrate an entitlement to *ex parte* relief. Although in his supplemental filing counsel for Sinden attests that there is an "urgent need" to appoint a guardian ad litem (Doc. 9), counsel offers no details or argument as to why Sinden's interests "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power Eng'g Co.*, 883 F. Supp. at 492.

Second, while the undersigned acknowledges counsel's uneasiness at sharing additional details about Sinden's condition (*see* Doc. 9 ¶ 3), the Court is unable to determine the appropriateness of appointing a guardian ad litem without first deciding the issue of Sinden's competency -- particularly because Sinden reportedly either cannot or does not consent to the appointment of a guardian ad litem. While the observations and assessments of experienced counsel and a close family member are relevant to the inquiry, the Court does not presently have before it either opinions of qualified medical professionals pertaining to or medical records documenting Sinden's alleged "mental disability and severe and ongoing drug-abuse issues." And while the undersigned acknowledges that Sinden is unavailable at least temporarily due to a reported 5150 hold, the Court perceives that an assessment of Sinden's competency would be incomplete without the ability to inquire of and observe her. *Cf. Golden*

*Gate Way*, 2012 WL 4482053, *3 (relying on medical records and the Court's observations of the party at a hearing to conclude he did not have the capacity to participate in the litigation in any meaningful fashion).

Given that Plaintiff has not filed summonses returned executed and none of the Defendants have appeared in the action, the Court will convert the scheduling conference into a competency hearing and direct Plaintiff to appear, along with any other medical or lay witnesses competent to testify concerning Plaintiff's competency. In connection therewith, the Court will direct Plaintiff to promptly serve Defendants with the summons and complaint and copies of Plaintiff's guardian ad litem filings (Docs. 8, 9) sufficiently in advance of the competency hearing to permit Defendants an opportunity to review the pleadings and file any response.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED:

1. The scheduling conference set for June 30, 2025, at 9:00 AM (Doc. 5) is VACATED.

2. Plaintiff shall promptly serve Defendants with the summons and complaint, copies of Plaintiff's guardian ad litem filings (Docs. 8, 9), and copies of this order.

3. A competency hearing is set for June 30, 2025, at 10:30 AM, in-person in Bakersfield, California (CDB) before Magistrate Judge Christopher D. Baker.

4. No later than June 23, 2025, Defendants may file a response/opposition to Plaintiff's pending motion for appointment of guardian ad litem.

5. Plaintiff and any witnesses proffered to testify as to Plaintiff's competency shall appear at the competency hearing.

IT IS SO ORDERED.

Dated: __April 22, 2025__                              _____
                                                       UNITED STATES MAGISTRATE JUDGE