UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO ANDRES PEREZ, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF KERN, *et al.*,<br><br>Defendants, | Case No. 1:24-cv-01396-KES-CDB<br><br>ORDER REQUIRING COUNSEL FOR DEFENDANTS TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO APPEAR AT JUNE 30, 2025, COMPETENCY HEARING<br><br>(Doc. 10)<br><br>**TWO-DAY DEADLINE** |

**Background**

Plaintiff Ashley Sinden ("Plaintiff"), as the natural parent and purported successor in interest of decedent minor ("A.P."), initiated this action with the filing of a complaint on March 25, 2025. (Doc. 1). Plaintiff asserts causes of action under 42 U.S.C. § 1983 and state law to recover damages for Defendants' actions and/or failures resulting in the wrongful death of A.P. while in and under Defendants' care, custody, control, and supervision. *Id.* ¶ 3-4.

Following Plaintiff's filing of an *ex parte* application for appointment of guardian ad litem (Doc. 8) and supplement thereto (Doc. 9), on April 22, 2025, the Court found Plaintiff failed to demonstrate an entitlement to *ex parte* relief and that, based on the filings, the Court is unable to determine the appropriateness of appointing a guardian ad litem without first deciding

the issue of Plaintiff's competency. (Doc. 10). Accordingly, the Court set a competency hearing for June 30, 2025, in-person in Bakersfield, and ordered Plaintiff to promptly serve Defendants with the summons and complaint, copies of Plaintiff's guardian ad litem filings (Docs. 8, 9) and copies of the aforementioned order setting the matter for competency hearing. *Id*. In its order, the Court directed Defendants to file no later than June 23, 2025, any response/opposition to Plaintiff's pending motion for appointment of guardian ad litem. *Id.* at 5.

On May 20, 2025, Defendants County of Kern, Mario Martinez, Maria Frias, Cynthia Alvarado, Vicki Michel-Ghasghaie, and Andrea Cauette ("County Defendants") filed an answer to the complaint. (Doc. 11). County Defendants did not file a response to Plaintiff's motion for appointment of guardian ad litem by the June 23, 2025, deadline. On June 27, 2025, Plaintiff filed a renewed motion for the appointment of guardian ad litem. (Doc. 19).

The parties convened in-person for a competency hearing before Magistrate Judge Christopher D. Baker on June 30, 2025. Plaintiff, her counsel Robert Ross Powell, and her stepfather, Edwin Walton III, appeared. No Defendant (including County Defendants) appeared at the competency hearing.

**<u>Order to Show Cause</u>**

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). Relevant here, Local Rule 230(i) provides that "[a]bsent notice of intent to submit the matter on the briefs, failure to appear [at a noticed hearing] … may result in the imposition of sanctions." E.D. Cal. L.R. 230(i).

In light of County Defendants' failure to appear at the competency hearing on June 30, 2025, IT IS HEREBY ORDERED, counsel for County Defendants shall show cause in writing within **two (2) days** of entry of this order why sanctions should not be imposed for County Defendants' failure to obey this Court's orders and Local Rule 230(i) and appear at the noticed

competency hearing.

**Failure to comply with this order to show cause will result in the imposition of sanctions.**

IT IS SO ORDERED.

Dated: __**June 30, 2025**__                    _____
UNITED STATES MAGISTRATE JUDGE