UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO ANDRES PEREZ, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF KERN, *et al.*, <br><br> Defendants, | Case No. 1:25-cv-00358-KES-CDB <br><br> ORDER DISCHARGING JUNE 30, 2025, ORDER TO SHOW CAUSE <br><br> (Docs. 21, 22) |

Plaintiff Ashley Sinden ("Plaintiff"), as the natural parent and purported successor in interest of decedent minor ("A.P."), initiated this action with the filing of a complaint on March 25, 2025. (Doc. 1). Plaintiff asserts causes of action under 42 U.S.C. § 1983 and state law to recover damages for Defendants' actions and/or failures resulting in the wrongful death of A.P. while in and under the care, custody, control, and supervision of Defendant County of Kern and numerous individually named employees and agents. *Id*. ¶ 3-4.

In connection with Plaintiff's pending motion for appointment of guardian ad litem, the Court set a competency hearing for June 30, 2025, in-person in Bakersfield, and ordered Plaintiff to promptly serve Defendants with the summons and complaint, copies of Plaintiff's guardian ad litem filings (Docs. 8, 9) and copies of the aforementioned order setting the matter for competency hearing. *Id*. In its order, the Court directed Defendants to file no later than June 23, 2025, any response/opposition to Plaintiff's pending motion for appointment of guardian ad litem. *Id.* at 5.

1

1      On May 20, 2025, Defendants County of Kern, Mario Martinez, Maria Frias, Cynthia Alvarado, Vicki Michel-Ghasghaie, and Andrea Cauette ("County Defendants") filed an answer to the complaint. (Doc. 11). County Defendants did not file a response to Plaintiff's motion for appointment of guardian ad litem by the June 23, 2025, deadline. On June 27, 2025, Plaintiff filed a renewed motion for the appointment of guardian ad litem. (Doc. 19).

      The parties convened in-person for a competency hearing before the undersigned on June 30, 2025. Plaintiff, her counsel Robert Ross Powell, and her stepfather, Edwin Walton III, appeared. No Defendant (including County Defendants) appeared at the competency hearing. Because County Defendants failed to obey this Court's orders and Local Rule 230(i) to appear at the noticed competency hearing, the Court ordered County Defendants to show cause in writing within two days why sanctions should not be imposed. (Doc. 21).

      Pending before the Court is counsel for County Defendants' timely response to the order to show cause, filed on July 1, 2025. (Doc. 22). In his response, counsel represents that County Defendants did not intend to respond to or oppose Plaintiff's competency determination. *Id.* at 1. Counsel attests that he failed to provide notice of an intent to submit the matter on the briefs and also failed to appear at the competency hearing because he understood the Court's April 22, 2025, Order setting a deadline for County Defendants' filing of any optional response or opposition to Plaintiff's pending motion for appointment of guardian ad litem as indicating his appearance at the competency hearing was "not necessarily expected or required." *Id.* at 1-2. Counsel represents that it was his mistake and error in judgment for failure to comply with Local Rule 230(i). *Id.* at 2.

      While the Court agrees with counsel that the Court's order merely provided a deadline for Defendants' filing of an optional response/opposition to Plaintiff's motion for appointment of guardian ad litem (*e.g.*, "may file a response/opposition"), it is unclear how counsel could construe from this language that he was relieved of the duty to appear. *See* (Doc. 22 at 1-2).

      The Court takes this opportunity to expressly admonish counsel of what it presumed was obvious: without express, advance leave of Court, counsel are not authorized to voluntarily absent themselves from duly noticed Court conferences and hearings. Nor are they authorized

for any reason to purport to relieve one another of their respective obligations to timely appear for all conferences and hearings.

Having considered the representations by counsel for County Defendants in responding to the Court's order to show cause, the undersigned concludes that counsel's conduct cited therein is the result of excusable neglect and warrants discharge of the show cause order without imposition of sanctions. *See In re Veritas Software Corp. Sec. Litig*., 496 F.3d 962, 973 (9th Cir. 2007).

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED, the June 30, 2025, order to show cause (Doc. 21) is DISCHARGED without imposition of sanctions.

IT IS SO ORDERED.

Dated: **July 2, 2025**

_____
UNITED STATES MAGISTRATE JUDGE