UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO ANDRES PEREZ, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF KERN, *et al.*, <br><br> Defendants. | Case No. 1:25-cv-00358-KES-CDB <br><br> ORDER DENYING PLAINTIFFS' MOTION TO APPOINT GUARDIAN AD LITEM <br><br> (Doc. 19) <br><br> ORDER SETTING SCHEDULING CONFERENCE |

**I.  Background**

    **A.  Procedural History**

Plaintiff Ashley Sinden ("Plaintiff"), as the natural parent and purported successor in interest of decedent minor Alejandro Andres Perez ("A.P."), initiated this action with the filing of a complaint on March 25, 2025.  (Doc. 1).  In her complaint, Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 to recover damages for actions and/or failures by municipal and individual defendants resulting in the wrongful death of A.P. while in and under Defendants' care, custody, control, and supervision.  *Id.* ¶ 3-4.

On April 10, 2025, Plaintiffs filed an *ex parte* motion to appoint Donnie R. Cox as guardian ad litem for Plaintiff (Doc. 8) and on April 14, 2025, a supplemental declaration of counsel for Plaintiff Robert Ross Powell in support thereof (Doc. 9).  On April 22, 2025, the Court entered an order on

1

Plaintiff's application finding she was not entitled to *ex parte* relief; instead, the Court scheduled a competency hearing. (Doc. 10).

In advance of the competency hearing, on June 27, 2025, Plaintiffs filed an updated motion for appointment of Clayton Nunley as guardian ad litem for Plaintiff, noting that the previously proffered guardian ad litem (Mr. Cox) no longer was able and willing to serve in that capacity. (Doc. 19). In Plaintiff's updated motion, Mr. Nunley is described as "a family friend of the Walton family that includes Ms. Sinden who has known the family well for the past six years." *Id.* The updated motion includes the declaration of Mr. Nunley in support thereof. (Doc. 19-3, Declaration of Clayton Nunley ("Nunley Decl.")).

**B.     Competency Hearing**

The parties convened in-person for a competency hearing before the undersigned on June 30, 2025. (Doc. 20). Plaintiff, her counsel Robert Ross Powell, and her stepfather, Edwin Walton III, appeared. Plaintiff and Mr. Walton were sworn and testified at the hearing. *Id.* No Defendant appeared at the competency hearing.[1]

At the hearing, the undersigned recounted the standard for determining competency as set forth in the April 22, 2025, order setting the competency hearing in evaluating whether Plaintiff lacks capacity to understand the nature and consequences of the proceeding or is unable to assist her counsel in the preparation of the case. *See* (Doc. 10 at 2-3) ("Under California law, a party is incompetent 'if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case.'") (citing *Golden Gate Way, LLC v. Stewart*, No. C 09–04458 DMR, 2012 WL 4482053, *2 (N.D. Cal. Sept. 28, 2012)).

Plaintiff was sworn-in and testified that she is 23 years of age, has a high school diploma, and denied being under the influence of alcohol or any controlled substances, whether prescribed or unprescribed. In response to the undersigned's question whether she is able to describe generally the

---

[1] Following receipt of Defendants' response (Doc. 22) to the Court's June 30, 2025, order to show cause why sanctions should not be imposed for Defendants' failure to appear at the noticed competency hearing (Doc. 21), on July 2, 2025, the Court found counsel's conduct the result of excusable neglect and discharged the show cause order without the imposition of sanctions. (Doc. 23).

1  instant lawsuit in which she is the named Plaintiff, she was able to testify to the identifies and
2  involvement of Defendants Margaret Eichorst, Mario Martinez, Maria Frias, and Malia Reeves, that the
3  lawsuit involved the wrongful death of her son A.P, and generally to the County of Kern's involvement
4  therein.  Plaintiff affirmed that she considers herself capable of working with her counsel in the case,
5  with regard to settlement discussions, and that she is in-charge of the matter overall.

6        In response to questions regarding her history of substance abuse, Plaintiff affirmed having a
7  history but that she does not consider herself currently addicted to any controlled substances and denied
8  having any problem with alcohol abuse.  Plaintiff testified that she had not used drugs for approximately
9  one week in advance of the competency hearing.

10        In response to questions regarding her mental health, Plaintiff graded her mental health a "six,
11  or so-so" on a scale of one to ten.  She testified that she was diagnosed with schizophrenia two years
12  ago by "Mary Kate" and that she does not have any current prescription to treat the disorder.  She
13  testified that a therapist previously diagnosed her with anxiety and depression but that she has taken
14  medications for such "only three times" and is not currently taking any medications.

15        When asked whether she had any questions for the Court, Plaintiff asked the Court to describe
16  the purpose of a guardian ad litem is.  Following the undersigned's explanation, Plaintiff denied the
17  need for a guardian ad litem to represent her interests in this action.

18        Next, Mr. Walton was sworn-in and testified in response to the undersigned's questions.  Mr.
19  Walton testified to his relationship with Plaintiff, the nature of his care for Plaintiff, family dynamics,
20  the extent of his discussions with Plaintiff regarding the case, Plaintiff's substance abuse history, and
21  Plaintiff's mental health status.  Mr. Walton testified and affirmed Plaintiff's statement that she was
22  "clean for a week" is correct "as far as [he] knows."  In response to a question whether he has personally
23  observed whether medications have a positive effect on Plaintiff, Mr. Walton testified that if Plaintiff
24  stayed on medications long enough that he could give an answer.  He testified that Plaintiff is 23 years
25  of age and "can do what she wants" as he "can only persuade her as much as he can" and that he cannot
26  keep her in involuntary care or force her to stay there.  Mr. Walton affirmed that Plaintiff has access to
27  medications and declined to take such medications not because they are unavailable but due to personal
28  choice.

## II.  Governing Authority

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor or an incompetent person may sue or defend on their behalf. Fed. R. Civ. P. 17(c). A court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." (*Id.*) The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1).

"In California, a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." *Golden Gate Way, LLC*, 2012 WL 4482053 at *2 (citing *In re Jessica G.*, 93 Cal. App. 4th 1180, 1186 (2001); Cal. Code Civ. P. § 372; and *In re Sara D.*, 87 Cal. App. 4th 661, 666–67 (2001)). Under California law, when an individual "who lacks legal capacity to make decisions … is a party, that person shall appear either by a guardian or conservator of the estate or by a guardian ad litem appointed by the court in which the action or proceeding is pending, or a by a judge thereof, in each case." Cal. Code Civ. P. § 372(a)(1). The Court may appoint a guardian ad litem to represent the incompetent individual's interests. (*Id.* § 372(a)(2)(A)). To evaluate whether to appoint a particular guardian ad litem, the Court must consider whether the minor or incompetent individual and the guardian have divergent interests. (*Id.* § 372(d)(1)–(2)) ("Before a court appoints a guardian ad litem pursuant to this chapter, a proposed guardian ad litem shall disclose both of the following to the court and all parties to the action or proceeding: (1) Any known actual or potential conflicts of interest that would or might arise from the appointment[; and] (2) [a]ny familial or affiliate relationship the proposed guardian ad litem as with any of the parties.").

The appointment of the guardian ad litem is more than a mere formality. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). A Court shall take whatever measures it deems appropriate to protect the interests of the individual during the litigation. (*See id.*) (noting, "[a] guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation."). The guardian need not possess any special qualifications, but she must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042,

4

1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)). This means that the guardian cannot face an impermissible conflict of interest with the ward, and courts consider the candidate's "experience, objectivity and expertise" or previous relationship with the ward. (*Id.*) (citations omitted).

Further, the Local Rules of the Eastern District of California provide:

(a) Appointment of Representative or Guardian. Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c);

. . . .

(c) Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

E.D. Cal. Local Rule 202 (citing Fed. R. Civ. P. 17(c)). The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *30.64 Acres of Land*, 795 F.2d at 804.

Typically, "a guardian will not be appointed for an adult unless the person gives consent or upon notice and a hearing." *Jurgens v. Dubendorf*, No. 2:14-CV-2780-KJM-DAD, 2015 WL 6163464, at *3 (E.D. Cal. Oct. 19, 2015); *accord Golden Gate Way*, 2012 WL 4482053, *3 (relying on medical records and the Court's observations of the party at a hearing to conclude he did not have the capacity to participate in the litigation in any meaningful fashion).

Under Rule 17(c), a district court must hold a competency hearing "when substantial evidence of incompetence is presented." *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005); *see Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003) (explaining that "due process considerations attend an incompetency finding and the subsequent appointment of a guardian ad litem"); *Thomas v. Humfield*, 916 F.2d 1032, 1034 (5th Cir. 1990) (observing that the appointment of a guardian

ad litem implicates due process concerns because it deprives a litigant of the right to control litigation and subjects them to possible stigmatization). The Ninth Circuit has not clearly stated what constitutes "substantial evidence" of incompetence warranting such a hearing. *See Hoang Minh Tran v. Gore*, No. 10-cv-464–GPC (DHB), 2013 WL 1625418, at *3 (S.D. Cal. April 15, 2013). However, the Ninth Circuit has indicated that sworn declarations from the allegedly incompetent litigant, sworn declarations or letters from treating psychiatrists or psychologists, and medical records may be considered in this regard. *See Allen*, 408 F.3d at 1152–54; *see also Hoang Minh Tran*, 2013 WL 1625418, at *3. Such evidence must speak to the court's concern as to whether the person in question is able to meaningfully take part in the proceedings. *See Yeager*, 143 F. Supp. 3d at 1042. Under California law, the standard of relevance for purposes of weighing incompetency is viewed broadly and a trial judge must "clearly bring out the facts." *In re Conservatorship of Pamela J.*, 133 Cal. App. 4th 807, 827 (2005).

"[N]otwithstanding the incompetency of a party, the guardian may make binding contracts for the retention of counsel and expert witnesses and may settle the claim on behalf of his ward." *30.64 Acres of Land*, 795 F.2d at 805. However, a guardian ad litem who is not an attorney must be represented by counsel in order to litigate a case on another's behalf. *See Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *Stoner v. Santa Clara Cnty. Office of Educ.*, 502 F.3d 1116, 1127 (9th Cir. 2007) (explaining the right to proceed pro se is personal to the litigant).

### III. Discussion

Based on the declarations of record and the testimony of Plaintiff and Mr. Walton presented at the competency hearing, the Court finds Plaintiff is not incompetent such that she lacks the capacity to understand the nature or consequences of the instant proceeding or is unable to assist her counsel in the preparation of the case. *Golden Gate Way, LLC*, 2012 WL 4482053 at *2. Although her speech at times was slow or halting, Plaintiff was able to testify and respond coherently to the each of the Court's inquiries regarding the case, her substance abuse use and mental health history, and whether she is able to meaningfully take part in the proceedings. *Yeager*, 143 F. Supp. 3d at 1042. Among other things, the undersigned observed Plaintiff methodically attest to her understanding of her role in potential settlement discussions, volunteering her understanding that she would "negotiate" terms of a settlement. Further, she testified that she is able to work with her counsel on this case generally and as to settlement

discussions or negotiations and that she is in-charge of the matter overall. At the end of the Court's examination of Plaintiff, she unequivocally denied the need for a guardian ad litem on her behalf. Further, Mr. Walton's testified that Plaintiff is an adult that "can do what she wants" and declines to take medications to treat her existing mental health diagnoses due to personal choice. This testimony undermines Plaintiff's representations in the initial motion that Plaintiff "lacks the capacity to sue, and she lacks the ability to understand and appreciate the nature and consequences of these proceedings." (Doc. 8 at 3) (citing Declaration of Edwin Walton III ("Walton Decl.") ¶¶ 4-13; Declaration of Robert R. Powell ("Powell Decl.") ¶¶ 11-13). Thus, the Court cannot sufficient substantial evidence of incompetence is presented such as to find that Plaintiff is not able to meaningfully take part in the proceedings. *See Yeager*, 143 F. Supp. 3d at 1042; *Calderon*, 408 F.3d at 1153.

Given Plaintiff expressly affirmed her ability to participate in this litigation and denied consenting to the appointment of a guardian ad litem, Mr. Walton's testimony regarding Plaintiff's autonomy, and the undersigned's personal inquiry and observation of Plaintiff at the hearing, the undersigned concludes that the appointment of a guardian ad litem on Plaintiff's behalf is not warranted at this time. *Jurgens*, 2015 WL 6163464 at *3 ("a guardian will not be appointed for an adult unless the person gives consent or upon notice and a hearing."). Thus, the motion for the appointment of Mr. Nunley as Plaintiff's guardian ad litem is denied without prejudice.

## IV. Conclusion and Order

Accordingly, it is **HEREBY ORDERED** that:

1. Plaintiffs' application to appoint Clayton Nunley as guardian ad litem for Plaintiff Ashley Sinden (Doc. 19) is DENIED without prejudice.
2. The parties SHALL APPEAR for scheduling conference August 13, 2025, at 9:00 AM in Bakersfield (CDB) before Magistrate Judge Christopher D. Baker. The parties shall appear at the conference remotely via Zoom video conference, and they may obtain the Zoom ID and password from the Courtroom Deputy prior to the conference. The parties SHALL FILE

///

///

a joint scheduling conference statement in compliance with the procedures set forth in the Order Setting Mandatory Scheduling Conference (Doc. 5).

IT IS SO ORDERED.

Dated: __**July 21, 2025**__

_____
UNITED STATES MAGISTRATE JUDGE

8