UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRRO ANDRES PEREZ, *et al.*, | Case No. 1:25-cv-00358-CDB |
| Plaintiffs, | |
| v. | ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND SUPPLEMENTAL MOTION THERETO |
| COUNTY OF KERN, *et al.*, | |
| Defendants. | (Docs. 54, 75) |

Pending before the Court is the motion of Plaintiff Ashley Sinden, as the natural parent and purported successor in interest of decedent minor Alejandro Andres Perez ("A.P.," collective "Plaintiffs"), for leave to file a first amended complaint, filed on November 11, 2025. (Doc. 54). On November 25, 2025, Defendants County of Kern ("County"), Mario Martinez, Maria Frias, Cynthia Alvarado, Vicki Mishel-Ghasghaie, Malia Reeves, and Andrea Cauette (collectively, "Defendants" or "County Defendants") filed an opposition to Plaintiffs' motion. (Doc. 57). On December 5, 2025, Plaintiff filed a reply. (Doc. 58). Following a status conference before the undersigned on January 26, 2026 (Doc. 71) and the Court's orders on the parties' stipulated requests regarding Plaintiffs' filing of a supplemental motion to amend (Docs. 69, 71, 73), Plaintiff filed a supplemental motion for leave to amend on February 4, 2026. (Doc. 75). Defendants filed an opposition to the supplemental motion on February 11, 2026, and Plaintiffs filed a reply thereto on February 19, 2026. (Docs. 76, 78). The Court deemed the motions suitable for disposition

without hearing and oral argument and vacated the motion hearing set for December 18, 2025. (Doc. 59) (citing Local Rule 230(g)).

**I.      Relevant Background**

Plaintiffs initiated this action with the filing of a complaint on March 25, 2025.  (Doc. 1). Plaintiffs asserts causes of action under 42 U.S.C. § 1983 and state law to recover damages for Defendants' actions and/or failures resulting in the wrongful death of A.P. while in and under the care, custody, control, and supervision of Defendant County of Kern and numerous individually named employees and agents.  *Id*. ¶ 3-4.

On May 20, 2025, Defendants[1] Cynthia Alvarado, Andrea Cauette, County of Kern, Maria Frias, Mario Martinez, and Vicki Mishel-Ghasghaie filed an answer to the complaint.  (Doc. 11). Following the Court's order on the parties' stipulation granting Defendants leave to file a first amended answer (Doc. 25), on July 11, 2025, the above-named Defendants including Defendant Malia Reeves filed a first amended answer to the complaint.  (Doc. 26).

On August 13, 2025, the Court entered the operative scheduling order setting forth discovery, motion and pretrial and trial dates and deadlines, including, relevant here, the deadline to amend pleadings by November 11, 2025.[2]  (Doc. 31).  On January 20, 2026, for good cause shown in the parties' stipulation, the Court amended case management dates and deadlines of the scheduling order.  (Doc. 70).

On January 16, 2026, the parties filed a stipulated request to hold in abeyance briefing on Plaintiffs' motion to amend and for a status conference before the Court to discuss Plaintiffs' identification of "new" defendants to be added to its existing motion to amend.  (Doc. 66).  On

---

[1] Following the Clerk's entry of default as to Defendant Margaret Eichorst (Doc. 37), on September 18, 2025, Plaintiff filed a pending motion for default judgment against Defendant Eichorst.  (Doc. 40).  On October 24, 2025, the Court held a hearing on the motion for default judgment, admonished Defendant Eichorst for failing to timely respond to the complaint, and held the motion in abeyance pending Defendant Eichorst's filing of a responsive pleading no later than November 23, 2025.  (Doc. 50).  The motion for default judgment remains pending before the undersigned and will be addressed in forthcoming findings and recommendation.

[2] On August 15, 2025, in light of the reassignment of this action to the undersigned for all purposes, the scheduling order was amended to reset all events for Bakersfield (CDB) before the undersigned, including dates for dispositive motions, pretrial conference, and trial.  (Doc. 35).

January 26, 2026, the parties convened for a status conference before the Court to discuss the parties' stipulated request, Plaintiffs' pending motion to amend, and Plaintiffs' desire o seek leave to add additional defendants to an amended complaint. (Doc. 71). The Court ordered the parties to meet and confer and set a briefing schedule on Plaintiffs' anticipated supplemental motion for leave to amend. *Id.* On February 2, 2026, the Court granted the parties' stipulated request to extend the deadline to February 4, 2026, for the parties to complete meet/confer efforts and for Plaintiffs' filing of the supplemental motion for leave to amend. (Doc. 73).

## II.    Governing Authority

Federal Rule of Civil Procedure 15 permits a plaintiff to amend the complaint once as a matter of course no later than 21 days after service of the complaint or 21 days after service of a responsive pleading or motion to dismiss, whichever is earlier. *See* Fed. R. Civ. P. 15(a)(1). After such time has passed or plaintiff has once amended their complaint, amendment may only be by leave of the court or by written consent of the adverse parties. Fed. R. Civ. P. 15(a)(2). "Rule 15(a) is very liberal" and a court should freely give leave to amend when "justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *see Chodos v. W. Publ. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("it is generally our policy to permit amendment with 'extreme liberality'") (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)).

Granting or denying leave to amend a complaint under Rule 15 is within the discretion of the court. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir, 1981); *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011) ("refusing Chudacoff leave to amend a technical pleading error, albeit one he should have noticed earlier, would run contrary to Rule 15(a)'s intent.").

A court ordinarily considers five factors to assess whether to grant leave to amend: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808

3

(9th Cir. 2004).  The factors are not weighed equally.  *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see Atkins v. Astrue*, No. C 10–0180 PJH, 2011 WL 1335607, at *3 (N.D. Cal. Apr. 7, 2011) (the five factors "need not all be considered in each case").  Undue delay, "by itself … is insufficient to justify denying a motion to amend."  *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).  On the other hand, futility of amendment and prejudice to the opposing party can, by themselves, justify the denial of a motion for leave to amend.  *Bonin*, 59 F.3d at 845; *see Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (the consideration of prejudice to the opposing party carries the greatest weight).

In conducting this five-factor analysis, the court generally grants all inferences in favor of permitting amendment.  *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).  Moreover, the court must be mindful that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

### III.    Parties' Contentions

In the proposed amended complaint, Plaintiffs seek to add allegations and six new defendants—Judy Anne Cariaso, Lisette Villareal-Lopez, Allison Roberts, Michael Fabro, Guadalupe Monreal, and [FNU] Craig.  (Doc. 54); *see* (Doc. 54-2 ¶¶ 21-26).  Plaintiffs contend that on November 10, 2025—the day before the deadline to amend the pleadings under the then-operative scheduling order— Plaintiffs received a production of documents from Defendant County of Kern responsive to Plaintiffs' discovery demands which contained information that necessitated Plaintiffs' seeking to amend "to include new claims against new parties only recently discovered."  *Id.* at 4.  Plaintiffs argue that it was not possible to review the "plethora of documents" prior the deadline to amend pleadings and was "compelled" to meet the deadline by "borrowing liberally" from portions of the complaint in the related *E.P.* case, No. 1:25-cv-01260-JLT-CDB ("*E.P.*"), because counsel for Plaintiffs is personally aware that counsel for plaintiffs in *E.P.*, Mr. Wyatt Vespermann, "does in fact have a full production of the juvenile case file involving this family and these children, A.P. and E.P." *Id.* at 4-5.

Defendants contend that because Plaintiffs' August 5, 2024, claim under the California

Government Claim Act ("CGCA") was rejected on September 25, 2024, the six-month statute of limitations to bring suit against a County employee lapsed in March 2025, and therefore Plaintiffs' California state law claims against the new defendants Plaintiffs seek to add in the proposed first amended complaint are time-barred. (Doc. 57 at 3). Defendants argue that because amendment is futile, the Court should deny leave. *Id.* Defendants assert that Plaintiffs unduly delayed in seeking to amend with allegations against the newly proposed defendants given Plaintiffs were aware of the operative facts since at least August 5, 2024. *Id.* at 3-4. Defendants further argue that Plaintiffs knew the identity of social workers Judy Anne Cariaso, Lisette Villareal-Lopez, and Allison Roberts at least 15 months before Plaintiffs sought leave to amend, and at least seven months prior to filing the initial complaint, "yet never included them in [Plaintiffs'] original complaint and failed to seek leave to add them." *Id.* at 4. Defendants contend that Sinden, as parent of the decedent minor A.P., "had ample opportunity to inspect the [juvenile case] files, yet apparently never did, and has presented no evidence to the contrary" such that the delay in naming the new social worker defendants is "therefore substantial, unreasonable, and is grounds to deny leave to amend." *Id.*

In reply, Plaintiffs argue that the "new" defendants proposed to be added in the first amended complaint are "not all entirely 'new,' especially when it comes to the issue of 'notice.'" (Doc. 58 at 1). Plaintiffs contend that the purpose of the CGCA is to provide the public entity with notice of the claim, and here, Plaintiffs' timely filing of a Government Tort Claims Notice ("GTC") undermines any claim of prejudice by Defendants because notice provided by the GTC supports "relation back" under Federal Rule of Civil Procedure 15 and the general preference for deciding matters on the merits. *Id.* at 1-2. Plaintiffs relatedly accuse Defendants of purposefully failing to include in Rule 26 initial disclosures names of counsel's own clients, notwithstanding that every single defendant is named in the *E.P.* case, and that Defendants caused further delay in producing the juvenile case file here for five months. *Id.* at 2.

Plaintiffs seek to supplement its original motion for leave to amend by adding two additional County of Kern "DHS employees identified in discovery received from the County[] on the dates and/or times noted in the original [ m]otion." (Doc. 75 at 1). Plaintiffs assert that discovery materials from Defendants exceeded 8,000 pages, and as noted in the parties' joint

discovery management report filed on February 3, 2026, *see* (Doc. 74), additional discovery productions by Defendants are anticipated. *Id.* Plaintiffs assert that review of these documents, following the filing of the initial motion for leave to amend, "led to the discovery of two more Kern County DHS employees, both social worker supervisors, whom Plaintiffs believe … had integral participation in events, circumstances, document review and preparation, and communications with other Kern County DHS employees, all of which were related to the subject injuries and death of [ ] A.P[.]" *Id.* (Doc. 75 at 2). Plaintiffs therefore seek to add as additional defendants in Plaintiffs' proposed first amended complaint Rachel Heard and Robin Ackling, both social worker supervisors with KCDHS, and both involved in various approvals of Court submissions and assessments of Defendant Eichorst as a relative placement for the minor children A.P. and his brother E.P. *Id.*; *see* (Doc. 75-1, Exhibit A ("Ex. A")) (proposed first amended complaint).

Defendants assert Plaintiffs' supplemental motion is improper as Defendants did not stipulate to Plaintiffs' filing of a supplemental motion as required by the Court's January 26, 2026, order. (Doc. 76 at 1). Defendants argue the supplemental motion is improper because it does not satisfy Rule 15(c)'s relation-back requirements for changing or adding parties, including the notice and mistake requirements that must be satisfied within Rule 4(m)'s 90-day service period. *Id.* at 2. Defendants further contend the state-law claims Plaintiffs seek to assert against Heard and Ackling are untimely under the CGCA deadline triggered by the September 25, 2024, claim rejection pleaded in the FAC. *Id.*

**IV.     Defendants' Request for Judicial Notice**

Federal Rule of Evidence 201 permits a court to take judicial notice of any facts "generally known within the trial court's territorial jurisdiction "or that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c).

Defendant County of Kern requests the Court judicially notice: (1) Plaintiffs' August 6, 2024, CGCA claim form attached to Defendants' opposition to Plaintiffs' motion for leave to

amend; and (2) the Notice of Rejection of Plaintiffs' CGCA claim. (Doc. 57-1 at 1); *see* (Doc. 57-2 at 3-5 "Ex. A") (CGCA Claim); *see id.* at 7-9 "Ex. B" (County of Kern Notice of Rejection).

The parties do not dispute the presentation of the claim. *See id.* at 3; (Docs. 1, 58, 75, 78). Given Plaintiffs do not oppose the request, and the parties refer to Plaintiffs' CGCA claim and notice of rejection thereof throughout the filings, the Court finds good cause to judicially notice Plaintiffs' CGCA claim and the County of Kern's notice of rejection, but the Court will not judicially notice the contents of these documents to the extent facts asserted therein are disputed. *See* Fed. R. Evid. 201(c) (court "must take judicial notice if a party requests it and the court is supplied with the necessary information."); *cf. Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001) (affirming district court's judicial notice of undisputed matters of public record and reversing district court's judicial notice of disputed facts within said records), *abrogated on other grounds*, *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002); *see, e.g.*, *Gaines v. Langurand*, No. 2:21-cv-00808-KJM-JDP (PS), 2024 WL 557527, at *3 (E.D. Cal. Feb. 12, 2024) (granting request to judicial notice CGCA claims); *Bustos v. City of Fresno*, No. 1:20-cv-00066-DAD-BAM, 2020 WL 4748166, at *5 (E.D. Cal. Aug. 15, 2020) (same).

**V.    Discussion**

The Court addresses the relevant *Nunes* factors below.

**A.    Bad Faith**

A motion to amend is made in bad faith where there is "evidence in the record which would indicate a wrongful motive" on the part of the litigant requesting leave to amend. *DCD Programs*, 833 F.2d at 187; *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015) ("In the context of a motion for leave to amend, 'bad faith' means acting with intent to deceive, harass, mislead, delay, or disrupt.") (citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006)).

Here, there is no information before the Court suggesting bad faith on the part of Plaintiffs in seeking leave to amend, and Defendants do not raise any arguments regarding bad faith in opposing Plaintiffs' motion. *See* (Docs. 57, 76). Accordingly, this factor weighs in favor of amendment.

**B.    Prior Amendments**

The Court's discretion to deny leave to amend is "particularly broad" where a party has previously amended the pleading. *Allen v. Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

Here, Plaintiffs' proposed amendments would constitute the first amendment to the pleadings. (Docs. 54, 75). Thus, this factor weighs in favor of granting leave to amend.

**C.    Prejudice to Opposing Party**

The most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. *Eminence Capital*, 316 F.3d at 1052. The burden of showing prejudice is on the party opposing an amendment to the complaint. *DCD Programs, Ltd.*, 833 F.2d at 187. There is a presumption in favor of granting leave to amend where prejudice is not shown under Rule 15(a). *Eminence Capital*, 316 F.3d at 1052.

Here, Defendants do not raise any arguments that they would be prejudiced in their briefing, and there is no information before the Court suggesting prejudice may result from granting Plaintiff leave to amend. Thus, this factor weighs in favor of amendment.

**D.    Undue Delay**

By itself, a showing of undue delay is insufficient to deny leave to amend pleadings. *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973); *DCD Programs*, 833 F.2d at 186. However, in combination with other factors, delay may be sufficient to deny amendment. *Webb*, 655 F.2d at 979-80; *see Lockheed Martin Corp. v. Network Solutions Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (substantial delay, while not dispositive, is relevant to whether to permit amendment). In assessing whether any delay is undue, a court shall consider if "the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (citations omitted). The mere fact that a party fails to offer a reason for not moving to amend earlier does not in itself constitute an adequate basis for denying leave to amend. *Howey*, 481 F.2d at 1190-91. Whether there has been "undue delay" should be considered in the context of (1) the length of the delay measured from the time the moving party obtained relevant facts; (2) whether discovery has closed; and (3) proximity to the trial date. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798-99 (9th Cir. 1991).

Defendants contend that Plaintiffs delayed seeking to add allegations against the proposed individual Defendants given they were on notice of the facts since at least August 5, 2024. (Doc. 57 at 3-4). Defendants argue that Plaintiffs knew the identity of social workers Judy Anne Cariaso, Lisette Villareal-Lopez, and Allison Roberts at least 15 months before Plaintiffs sought leave to amend, and at least seven months prior to filing the initial complaint, yet never included them in the complaint and failed to timely seek leave to add them. *Id.* at 4. Defendants argue that Plaintiff Sinden, as A.P.'s parent, had ample opportunity to inspect the minor's juvenile case files and "yet apparently never did, and has presented no evidence to the contrary." *Id.*

Plaintiffs assert that at the time of the filing of the motion for leave to amend, they "only recently received" a production of documents from Defendants that contained information necessitating amendment of the complaint to include new claims against "new parties only recently discovered." (Doc. 54 at 4).

Here, Plaintiffs timely moved for leave to amend on November 11, 2025, the last day permitted to seek amendment of the pleadings under the operative scheduling order, three months before the close of non-expert discovery, and nearly six months from the close of expert discovery. *See* (Doc. 31). Plaintiffs' motion was filed well before the close of discovery and a significant amount of time before trial is expected to begin on March 23, 2027. Given Plaintiffs' reasonable explanation that their request for leave to amend was "necessitated" by their receipt from Defendants of a production of documents that contained material information shortly before the deadline to seek leave to amend, the Court finds that the length of delay from the time Plaintiffs obtained relevant information to move for leave to amend does not arise to undue delay. Therefore, this factor weighs in favor of granting Plaintiffs leave to amend. *Ponsoldt*, 939 F.2d at 798-99; *see, e.g.*, *Nyarecha v. Cnty. of Los Angeles*, No. CV 20-04474-AB (MAAx), 2021 WL 4776008, at *2 (C.D. Cal. May 26, 2021) (finding no undue delay where plaintiffs moved for leave to amend two days after receiving defendants' initial production of documents about a month before the deadline to amend pleadings).

///

///

9

**E.      Futility of Amendment**

A court may deny leave to amend if the proposed amendment is futile or would be subject to dismissal.  *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).  An amendment is futile if the complaint clearly could not be saved by amendment.  *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).  "Ordinarily, 'courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.'"  *Zurich Am. Ins. Co. of Illinois v. VForce Inc.*, No. 2:18-cv-02066-TLN-CKD, 2020 WL 2732046, at *3 (E.D. Cal. May 26, 2020) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)).

Defendants argue that amendments to the state law claims would be futile because the proposed amendments do not comply with the CGCA.  (Doc. 57 at 3).  Defendants contend that the County's notice of rejection of Plaintiffs' claim was deposited in the mail on September 25, 2024, making the six-month statute of limitations to bring a suit against a County employee lapse in March 2025, and therefore Plaintiffs' proposed FAC seeking state law claims against the proposed Defendants is time-barred and amendment is futile.  *Id.*

Plaintiffs contend that because the complaint was timely filed on March 25, 2025, the state law claims may properly be amended against the proposed individual Defendants because those Defendants are not "new" and relate back under Rule 15.  (Doc. 58 at 1-2).  Plaintiffs argue amendment is therefore not futile under the relation back doctrine.  *Id.* at 3.

1.      Governing Authority – Relation Back under Rule 15(c)

"In order for an amended complaint to relate back under Rule 15(c)(1)(C), the following conditions must be met: '(1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it.'"  *Butler v. Nat'l Comm'y Renaissance of California*, 766 F. 3d 1191, 1202 (9th Cir. 2014).  The second and third requirements must have been fulfilled within 90 days after the original complaint is filed under

Rule 4(m). *Id.*[3]

"Rule 15(c)(1) incorporates the relation back rules of the law of a state when that state's law provides the applicable statute of limitations and is more lenient. As a result, if an amendment relates back under the state law that provides the applicable statute of limitations, that amendment relates back under Rule 15(c)(1) even if the amendment would not otherwise relate back under the federal rules." *Id.* at 1200 (citing 6A Wright, Miller & Kane, Federal Practice and Procedure § 1503 (2d ed. Supp. 2001)) ("[i]n 1991, Rule 15(c) was amended to clarify that relation back may be permitted even if it does not meet the standards of the federal rule if it would be permitted under the applicable limitations law").

Under California law, amendments of pleadings are generally governed by Cal. Civ. P. Code § 473(a)(1), which "does not contain any express provision for relation back of amendments, and California courts have held that it 'does not authorize the addition of a party for the first time whom the plaintiff failed to name in the first instance.'" *Id.* (citing *Kerr–McGee Chem. Corp. v. Super. Ct.*, 160 Cal. App. 3d 594, 598 (1984)).

The Supreme Court and the Ninth Circuit have held that "if there is a federal rule of procedure covering a particular point of practice or pleading in dispute, such rule governs in a federal diversity action even if resort to state law would lead to a different result." *Santana v. Holiday Inns, Inc.*, 686 F.2d 736, 740 (9th Cir. 1982) (citing *Hanna v. Plumer*, 380 U.S. 460 (1965)). "*Hanna* commands application of Rule 15(c) in the face of a contrary state rule[] and is thus applicable in the present case." *Id.* (citing cases).

2.    Governing Authority - Exhaustion under CGCA

Under California law, a plaintiff asserting a tort claim against a public entity or public employee must allege compliance with the claims presentation requirements of the CGCA. *See* Cal. Gov't Code §§ 945.4, 950.2; *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988); *Fisher v. Pickens*, 225 Cal. App. 3d 708, 718 (1990). "Compliance with the claims statute is mandatory, and failure to file a claim is fatal to the cause of action." *Pac. Tel. & Tel. Co.*

---

[3] Although the *Butler* court identified 120 days as the deadline, following the opinion's publication, Rule 4(m) was amended to provide for 90 days.

*v. Cnty. of Riverside*, 106 Cal. App. 3d 183, 188 (1980).  The plaintiff bears the burden of ensuring that a claim was properly presented to the appropriate public entity.  *Jefferson v. City of Fremont*, No. C-12-0926 EMC, 2013 WL 1747917, at *9 (N.D. Cal. Apr. 23, 2013) (citing *Life v. Cnty. of Los Angeles*, 227 Cal. App. 3d 894, 901 (1991)).

"Before a civil action may be brought against a public entity [or public employee], a claim must first be presented to the public entity and rejected."  *Ocean Servs. Corp. v. Ventura Port Dist.*, 15 Cal. App. 4th 1762, 1775 (1993), *as modified on denial of reh'g* (June 23, 1993); Cal. Gov't Code § 945.4 (generally barring suit "until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board").  Claims for "injury to person or to personal property" must be presented within six months after accrual.  *See* Cal. Gov't Code § 911.2(a); *City of Stockton v. Super. Ct.*, 42 Cal.4th 730, 738 (2007).  A claimant who misses the six-month limitations deadline may file a written application with the public entity for leave to present the late claim within one year of the date of accrual of the cause of action, stating the reason for the delay.  Cal. Gov't Code § 911.4.  The claimant has six months after a denial of the application to file a petition in the Superior Court for an order relieving the claimant of section 945.4.  *See* Cal. Gov't Code § 946.6.

            3.    Analysis

It is undisputed that Plaintiffs presented a CGCA claim to the County of Kern on August 5, 2024, naming County of Kern employees Lisette Villareal-Lopez, Giselle Martin, Nastasha Franklin, Judy Cariaso, and Allison Roberts.  *See* (Doc. 57-2, Ex. A).  In the claim, Plaintiffs allege that on or around March 9, 2023, Plaintiffs' minor child, A.P., was removed from Sinden's custody by Kern County sheriffs, and around March 14, 2023, Ms. Roberts placed A.P. with Defendant Eichhorst where he was subjected to approximately nine months of neglect and physical abuse.  *See id.*  "On 2/9/24, [A.P.] was killed by Eichhorst.  From 3/14/23 through 2/9/24, [A.P.] was in the care, supervision, and control of County with the duty to keep the child safe above all.  Theories of liability include, but are not limited to, Negligence, Breach of Mandatory Duties pursuant to G.C. 815.6 Wrongful Death, Survival Rights, 42 U.S.C. 1983, [Fourth] & [Fourteenth] Amendment violations, [*Monell*] liability."  *Id.*  In the section of the form prompting identification

12

of the employees causing injury, damage, or loss, Sinden named the above-referenced employees and alleged that she "is unaware of the names of any other Kern County employees (sheriff or [social worker]) involved in the aforementioned events." *Id.* On September 25, 2024, the County of Kern sent Plaintiff a notice of rejection of the CGCA claim. *See* (Doc. 57-2, Ex. B).

"[T]he purpose of the [state] claims statutes 'is to provide the *public entity* sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation.'" *Phillips v. Desert Hosp. Dist.,* 49 Cal. 3d 699, 705 (1989) (citation omitted) (emphasis added). Because the claims statute is designed to give a *public entity* "notice sufficient for it to investigate and evaluate the claim ... the statute should not be applied to snare the unwary where its purpose is satisfied[.]" *Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.,* 34 Cal. 4th 441, 446 (2004).

Plaintiffs' timely-submitted CGCA claim sufficiently informed the County of the nature of Plaintiffs' claims, which are consistent with the claims as alleged in the original complaint and the proposed FAC. The claim was timely rejected by the County.

Under these circumstances, Plaintiffs have shown that the proposed FAC is not futile because it relates back under Rule 15(c). First, Plaintiffs' FAC arises out of the same conduct as set forth in the original complaint. Second, the proposed Defendants to be added have received notice of the action such that they will not be prejudiced in maintaining their defense. Five of the proposed Defendants—Villareal-Lopez, Roberts, Fabro, Monroe, and Craig—were named in Plaintiffs' CGCA form and were referenced in the original complaint, although not as named Defendants. *See* (Doc. 1 ¶¶ 41, 43-46, 54, 72). Notwithstanding the other three proposed Defendants—Cariaso, Heard, and Ackling—were not named in the original complaint, it is clear that all eight Defendants proposed in the motion and supplemental motion "knew or shown have known that, absent some mistake,[4] the action would have been brought against [them]." *Kruspi v.*

---

[4] Plaintiffs' "mistake" here is counsel "did not feel comfortable" naming certain individuals as defendants in the complaint "given the many 'question marks'" about their roles arising in communications with Sinden and whether these individuals did anything "constitutionally violative." *See* (Doc. 58 at 4-5). Any such mistake does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied here. *See Kruspi*, 560 U.S. at 540; *see also Long v. Ingenio, Inc.*, No. 10–cv–05761–RS, 2015 WL 4760377, at *3 (N.D. Cal. Aug. 12, 2015) (finding Rule 15(c)

*Costa Crociere S.p.A.*, 560 U.S. 538, 549 (2010).

In finding such, the Court applies the principle that a prospective defendant may receive constructive notice of a suit where he has a "sufficient community of interest" with the named defendants "to justify imputing knowledge of the action[,]" such as shared legal representation and shared employment. *See Mayshack v. Gonzales*, 437 Fed. Appx. 615, 621 (9th Cir. 2011) (citing *G.F. Co. v. Pan Ocean Shipping Co.*, Ltd., 23 F.3d 1498, 1503 (9th Cir. 1994)); *Jauregui v. Huntington Beach Police Dep't*, No.: 2:11-cv-09182-AB (FFMx), 2019 WL 2879872, at *2-3 (C.D. Cal. Apr. 9, 2019) ("Courts look to continued employment and shared legal representation to determine whether the new defendants and named defendants have a community of interest."). Like the six individual social worker Defendants named in the original complaint, the eight proposed Defendants all have worked for the same agency (KCDHS) as social workers at the relevant time of Plaintiffs' allegations, and many, if not all, were involved in the underlying juvenile dependency case involving the death of minor A.P. *See* (Doc. 1 ¶¶ 15-20); (Doc. 58 at 10 n.9); (Doc. 58-1 at 12-13, "Ex. A"); (Doc. 75 at 2); (Doc. 78 at 3). All of the currently-named social worker Defendants in the original complaint share the same legal representation in this action. *See* Dkt. Three of the proposed Defendants (Monreal, Villareal-Lopez, and Craig) are currently named defendants in another case before the Court involving similar issues and allegations, No. 1:25-cv-00295-CDB, and are represented by the same County Counsel as here.[5] The Court finds that the proposed Defendants had constructive notice of the action from its inception based on their community of interest with the current-named social worker Defendants through their employment with KCDHS and involvement in the underlying juvenile case. *See Mayshack*, 437 Fed. Appx. at 621; *Jauregui*, 2019 WL 2879872, at *3 ("Notice favors the Plaintiff."); *e.g.*, *White v. City of Los Angeles*, No. cv-19-00243 DDP (RAOx), 2020 WL 9893054, at *6 (C.D. Cal. July 24, 2020) ("the newly named officers here have a community of interest with the named City defendant because they have remained employed with the City of Los Angeles and share legal counsel with the named

applies where plaintiff was mistaken in the proper defendants' identity).

[5] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

Defendants.").

Plaintiff has shown that the proposed FAC relates back to the original complaint under Rule 15(c) such that the proposed FAC complies with the CGCA's requirements. *Butler*, 766 F.3d. at 1202. Therefore, amendment is not futile, and this factor weighs in favor of amendment.

\*        \*        \*        \*        \*

Because the *Nunes* factors all weigh in favor of permitting the proposed amendments, the Court will grant Plaintiffs' motion and supplemental motion for leave to file the proposed FAC.

**VI.    Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1.  Plaintiffs' motion and supplemental motion for leave to file a first amended complaint (Docs. 54, 75) are GRANTED;

2.  No later than five (5) days following entry of this order, Plaintiff SHALL FILE as a stand-alone docket entry the first amended complaint proposed in the supplemental motion (Doc. 75-1, Ex. A); and

3.  Currently-named Defendants SHALL respond to the first amended complaint no later than 21 days following its filing and service (*see* Fed. R. Civ. P. 15(a)(3)).

IT IS SO ORDERED.

Dated:    **February 27, 2026**                    _____

UNITED STATES MAGISTRATE JUDGE

15