**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEJANDRRO ANDRES PEREZ, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF KERN, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-00358-CDB<br><br>ORDER DENYING STIPULATED REQUEST TO CONVENE FOR STATUS CONFERENCE AND TO CONSOLIDATE AND AMEND CASE MANAGEMENT DATES<br><br>(Doc. 90) |

Pending before the Court is the joint request of the parties in three actions to convene for status conference and for an order "consolidat[ing]" the cases for discovery purposes only, vacating all existing dates in the operative scheduling orders, and resetting the case management dates in all three actions for a date at least one year from now. (Doc. 90). The actions are this case, *Perez v. County of Kern et al.*, 1:25-cv-00358-CDB (the "Sinden Action"), *Walton v. Villarreal-Lopez et al.*, 1:25-cv-00295-CDB (the "Walton Action"), and *E.P. v. County of Kern et al.*, 1:25-cv-01260-JLT-CDB (the "E.P. Action").

The parties' stipulated requests will be denied. The undersigned acknowledges and appreciates the efforts of counsel for the numerous parties across these three actions to discuss and propose what they deem to be the most efficient manner of litigating the cases. However, the undersigned disagrees that the parties' proposal best serves the equities implicated in Rule 1, Fed. R. Civ. P., and the Court's efficient management of its docket.

The issues addressed by the parties in their stipulated request appear to be brought about largely by the fact that two of these actions were first filed by counsel Robert Powell in March 2025 (the Sinden Action and Walton Action), while a third action (the E.P. Action) involving a common Plaintiff (decedent Perez) represented by a different guardian ad litem was filed by counsel Wyatt Vespermann approximately six months later.   Importantly, Defendants' recently filed and not-yet-fully briefed dispositive motions in the Sinden Action and E.P. Action necessarily implicate delay in the prosecution of those actions (while the motions are heard and decided by the Court) and invariably will require scheduling adjustments following disposition of the motions (unless the motions are granted in their entirety without leave to amend).  In contrast, there is no basis to further delay the Walton Action, where no dispositive motion is pending, the Court already has extended case management dates once at the request of the parties and where non-expert discovery is set to close on May 11, 2026.  Adopting the parties' proposal would result in an unnecessary stay of the Walton Action.

**Conclusion and Order**

For the reasons addressed above, the parties' stipulated request (Doc. 90) is DENIED.

IT IS SO ORDERED.

Dated:    **March 31, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

2