UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRRO ANDRES PEREZ, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF KERN, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-00358-CDB<br><br>ORDER DENYING PARTIES' STIPULATED REQUEST TO FURTHER AMEND SCHEDULING ORDER<br><br>(Doc. 97) |

**Relevant Background**

Plaintiff Ashley Sinden ("Plaintiff"), as the natural parent and purported successor in interest of decedent minor Alejandro Andres Perez ("A.P."), initiated this action with the filing of a complaint on March 25, 2025. (Doc. 1). On August 13, 2025, the Court entered the scheduling order setting forth discovery, motion and pretrial and trial dates and deadlines. (Doc. 31). The scheduling order admonished the parties that "**[s]tipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate exhibits, which establish good cause granting the relief requested**." *Id.* at 9 (emphasis in original). On

Pending before the Court is the parties' second stipulated request to amend the operative scheduling order, filed on April 27, 2026. (Doc. 97). The parties represent that significant discovery continues with over 19,100 pages of documents being produced on April 15, 2026, and

there may be in excess of 45 depositions taken in this matter and the related matters with significant overlap with regard to documents and depositions. *Id.* at 3. The parties assert good cause exists for the requested extension of all case management dates "to allow adequate review" of extensive documents related to the action and to allow for a reasonable deposition schedule that has been delayed with current motion practice. *Id.*

**Discussion**

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

Here, although the parties represent that good cause exists to grant their request because "the current procedural posture implicates delay in the prosecution of this action" in light of the pending motion to dismiss (Doc. 89), "to allow [for] adequate review [of] the extensive documents related to the action, and to allow for a reasonable deposition schedule that has been delayed with the current motion practice[,]" (Doc. 97 at 3), these characterizations, without counsels' sworn attestations contained in supporting attorney declaration as required by the governing scheduling order, are insufficient for the Court to measure the diligence with which the case has been litigated. *See* (Doc. 31 at 9). Instead of providing in support of their request the required declarations detailing their diligent conduct of discovery, the parties rely on unsworn representations about the procedural posture of the case. But the Court's dispositive inquiry focuses on the parties' diligence (*Zivkovic*, 302 F.3d at 1087), not generalized statements of unrealized delays in the prosecution of the case due to motion practice.

In short, because the parties fail to demonstrate that they are unable to reasonably meet a deadline despite acting diligently, the Court is unable to find that an extension of case management dates is warranted. *Johnson*, 975 F.2d at 609.

///

///

**Conclusion and Order**

Accordingly, the parties' second stipulated request to amend the operative scheduling order (Doc. 97) is DENIED.

IT IS SO ORDERED.

Dated:   **April 28, 2026**

UNITED STATES MAGISTRATE JUDGE